UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
AMANDA MEYER,                                                     :
:
                             Plaintiff,     :     12-CV-7088 (WHP)
:
        - against -                                      :
:     **ANSWER AND AFFIRMATIVE**
BRIAN GERWE, individually and as an employee                     :     **AND OTHER DEFENSES**
of YESHIVA UNIVERSITY; STEVE ALMO                                :
individually and as an employee of YESHIVA                       :
UNIVERSITY; YESHIVA UNIVERSITY,[1]                               :
:
                        Defendants.    :
:
-----------------------------------------------------------------x

       Defendants Yeshiva University ("YU") and Steve Almo ("Almo") (collectively "Defendants") by and through their attorneys, Seyfarth Shaw LLP, answer the Complaint of Plaintiff Amanda Meyer ("Plaintiff"), filed with the Court on September 20, 2012 (hereafter, the "Complaint"),  as follows:

### NATURE OF THE CASE

       1.    Defendants deny each and every allegation contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring claims against Defendants under Title VII of the United States Code; Title IX of the United States Code; New York Executive Law § 296, and the Administrative Code of the City of New York

---

[1]     In accordance with the Stipulation and Order of Dismissal entered into by the parties and So Ordered by the Court on November 19, 2012 (Docket No. 7), Defendant Albert Einstein College of Medicine ("AECOM") was dismissed from this action, and the caption modified accordingly.  In accordance with the Stipulation and Order, references to AECOM are deemed deleted from the Complaint, and Defendants' responses herein do not refer to AECOM.

14910341v.3

2.      Defendants deny each and every allegation contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      The allegations contained in Paragraph 3 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.

4.      The allegations contained in Paragraph 4 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation contained in Paragraph 4 of the Complaint.

5.      Defendants neither admit nor deny the allegations contained in Paragraph 5 of the Complaint as the allegations state conclusions of law to which no response is required.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation contained in Paragraph 5 of the Complaint, except admit that venue is proper in this district..

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint relating to Plaintiff's filing charges with the EEOC.  YU further avers that it received a Notice of Charge from the EEOC relating to Plaintiff's claims.

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

## PARTIES

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except YU admits that its records reflect that Plaintiff is a citizen of the United States and a resident of the State of Connecticut during the time of her most recent employment.

10.      The allegations contained in Paragraph 10 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation contained in Paragraph 10 of the Complaint, except admit that YU is an institution of higher education, that it is a recipient of certain Federal financial assistance, that its main offices are located  at 500 West 185th Street, New York, New York, and that it was and is still located in New York County, State of New York.

11.      Defendant Albert Einstein College of Medicine ("AECOM") has been dismissed from this case, and therefore no responsive pleading is required and it is deemed to be denied. Furthermore, the allegations contained in Paragraph 11 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 11 of the Complaint, except admit that AECOM is a constituent school of YU, further admit that AECOM is located in Bronx County, New York, further admit that YU is vested with the authority by the State of New York Department of Regents and the New York State Department of Education to award matriculated students the degrees of medical doctor and doctor of philosophy, further admit that YU is a recipient of certain federal financial assistance,

3

.and further admit that AECOM's main offices are located at 1300 Morris Park Avenue, Bronx County, New York.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny each and every allegation contained in Paragraph 13 of the Complaint, except admit that Almo was and is an employee of YU in YU's AECOM constituent school during the relevant time period, and further admit that Almo engaged in his duties and responsibilities as part of his employment in Bronx County, New York.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint, except admit that Almo had indirect ultimate supervisory authority over Plaintiff.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, except admit that YU's records reflect that Brian Gerwe was a resident of the State of New York during his employment at Yeshiva University.

16.     Defendants deny each and every allegation contained in Paragraph 16 of the Complaint, except admit that Brian Gerwe was employed by YU in YU's AECOM constituent school from November 17, 2008 through November 12, 2010 in Bronx County, New York.

17.     Defendants deny each and every allegation contained in Paragraph 17 of the Complaint.

## MATERIAL FACTS

18.     Defendants deny each and every allegation contained in Paragraph 18 of the Complaint, except admit that Plaintiff began working for YU in May 2007 as a Research Technician C.

14910341v.3

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, accept admit that Plaintiff applied for admission to YU and was accepted, and further admit that Plaintiff stated that she had applied and was admitted to Yale University.

20.     Defendants deny each and every allegation contained in Paragraph 20 of the Complaint, except admit that Plaintiff decided to pursue her degree at Yale University, and except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's "careful deliberation".

21.     Defendants admit the allegations of Paragraph 21 of the Complaint that Plaintiff amicably resigned her position with YU as of October 3, 2008, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny each and every allegation contained in Paragraph 22 of the Complaint.

23.     Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

24.     Defendants deny each and every allegation contained in Paragraph 24 of the Complaint.

25.     Defendants deny each and every allegation contained in Paragraph 25 of the Complaint.

26.     Defendants deny each and every allegation contained in Paragraph 26 of the Complaint.

27.     Defendants deny each and every allegation contained in Paragraph 27 of the

Complaint.

28.     Defendants deny each and every allegation contained in Paragraph 28 of the Complaint, except admit that Plaintiff became employed by YU as a Research Technician C at AECOM on June 23, 2010 reporting to Jeffrey Bonanno, and except deny knowledge or information sufficient to form a belief as to the truth of the allegation as to how or when Plaintiff "left Yale", and aver that Plaintiff stated that she ceased her participation in the graduate program at Yale University in May 2010.

29.     Defendants deny each and every allegation contained in Paragraph 29 of the Complaint, except admit that Almo instructed Plaintiff to perform portions of her work using equipment that was located in a separate laboratory located in the Price Center.

30.     Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny each and every allegation contained in Paragraph 31 of the Complaint, except admit that Brian Gerwe was an employee of YU in its AECOM constituent school, and further admit that Gerwe performed work in the laboratory in the Price Center.

32.     Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny each and every allegation contained in Paragraph 33 of the Complaint.

34.     AECOM has been dismissed from this case, and therefore no responsive pleading is required and it is deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation contained in Paragraph 34 of the Complaint.

35.     Defendants deny each and every allegation contained in Paragraph 35 of the Complaint.

36.     Defendants deny each and every allegation contained in Paragraph 36 of the Complaint.

37.     AECOM has been dismissed from this case, and therefore no responsive pleading is required and it is deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation contained in Paragraph 37 of the Complaint.

38.     Defendants deny each and every allegation contained in Paragraph 38 of the Complaint.

39.     Defendants deny each and every allegation contained in Paragraph 39 of the Complaint, except admit that YU did not have any discussion with Plaintiff regarding Gerwe prior to her performing any work at the Price Center.

40.     AECOM has been dismissed from this case, and therefore no responsive pleading is required and it is deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation contained in Paragraph 40 of the Complaint, except admit that AECOM did not have any discussion with Plaintiff regarding Gerwe prior to her performing any work at the Price Center.

41.     Defendants deny each and every allegation contained in Paragraph 41 of the Complaint, except admit that Almo did not have any discussion with Plaintiff regarding Gerwe prior to her performing any work at the Price Center.

42.     Defendants deny each and every allegation contained in Paragraph 42 of the Complaint, except admit that based on its investigation, YU's Office of Diversity & Affirmative Action concluded that Gerwe had engaged in certain actions that were not appropriate, and aver that YU took immediate appropriate remedial action.

14910341v.3

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and which are therefore deemed to be denied.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and which are therefore deemed to be denied.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and which are therefore deemed to be denied.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and which are therefore deemed to be denied.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and which are therefore deemed to be denied.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and which are therefore deemed to be denied.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and which are therefore deemed to be denied.

14910341v.3

50.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and which are therefore deemed to be denied.

51.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and which are therefore deemed to be denied.

52.    Defendants deny each and every allegation contained in Paragraph 52 of the Complaint.

53.    Defendants deny each and every allegation contained in Paragraph 53 of the Complaint.

54.    YU denies each and every allegation contained in Paragraph 54 of the Complaint. Almo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and which are therefore deemed to be denied.

55.    YU denies each and every allegation contained in Paragraph 55 of the Complaint. Almo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and which are therefore deemed to be denied.

56.    YU denies each and every allegation contained in Paragraph 56 of the Complaint. Almo denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and which are therefore deemed to be denied.

14910341v.3

57.     Defendants deny each and every allegation contained in Paragraph 57 of the Complaint.

58.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and which are therefore deemed to be denied.

59.     Defendants deny each and every allegation contained in Paragraph 59 of the Complaint, except admit that on or about July 19, 2010, Plaintiff complained to Jeffrey Bonanno that Brian Gerwe had made a series of sexually explicit statements to her, and had exposed his penis to her while the two were in the Price Center Laboratory on July 6, 2010, and further aver that Dr. Bonnano directed Plaintiff to file a formal complaint and to immediately bring this issue to the attention of Human Resources.

60.     Defendants deny each and every allegation contained in Paragraph 60 of the Complaint.

61.     Defendants deny each and every allegation contained in Paragraph 61 of the Complaint, except admit that Plaintiff met with Leslie Jefferson on or about July 23, 2010 and complained about Brian Gerwe during the meeting.

62.     Defendants deny each and every allegation contained in Paragraph 62 of the Complaint.

63.     Defendants deny each and every allegation contained in Paragraph 63 of the Complaint, except admit that Plaintiff communicated with Almo about Gerwe subsequent to her meeting with Dr. Bonnano.

64.     Defendants deny each and every allegation contained in Paragraph 64 of the Complaint.

14910341v.3

65.     Defendants deny each and every allegation contained in Paragraph 65 of the Complaint.

66.     Defendants deny each and every allegation contained in Paragraph 66 of the Complaint.

67.     Defendants deny each and every allegation contained in Paragraph 67 of the Complaint.

68.     Defendants deny each and every allegation contained in Paragraph 68 of the Complaint.

69.     Defendants deny each and every allegation contained in Paragraph 69 of the Complaint, except admit that on or about July 27, 2010 Plaintiff made a complaint about Brian Gerwe to the Human Resources Department, and further aver that Plaintiff initially refused to file a complaint despite being advised to do so by Dr. Bonnano, Almo, and others.

70.     Defendants deny each and every allegation contained in Paragraph 70 of the Complaint.

71.     Defendants deny each and every allegation contained in Paragraph 71 of the Complaint.

72.     Defendants deny each and every allegation contained in Paragraph 72 of the Complaint.

73.     Defendants deny each and every allegation contained in Paragraph 73 of the Complaint, except admit that on August 30, 2010, YU's Office of Diversity and Affirmative Action concluded that Plaintiff's complaint was substantiated in part.

74.     Defendants deny each and every allegation contained in Paragraph 74 of the Complaint.

14910341v.3

75.    Defendants deny each and every allegation contained in Paragraph 75 of the Complaint.

76.    Defendants admit the allegations contained in Paragraph 76 of the Complaint, and aver that Plaintiff's employment was terminated as a result of well-documented poor performance issues, violations of YU policy, and discovered fraud on Plaintiff's time sheets.

77.    Defendants deny each and every allegation contained in Paragraph 77 of the Complaint.

78.    Defendants deny each and every allegation contained in Paragraph 78 of the Complaint.

79.    Defendants deny each and every allegation contained in Paragraph 79 of the Complaint.

80.    Defendants deny each and every allegation contained in Paragraph 80 of the Complaint.

81.    Defendants deny each and every allegation contained in Paragraph 81 of the Complaint.

82.    Defendants deny each and every allegation contained in Paragraph 82 of the Complaint.

83.    Defendants deny each and every allegation contained in Paragraph 83 of the Complaint.

## AS A FIRST CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

84.    Defendants repeat and restate their responses set forth above in response to Paragraphs 1 through 83 of the Complaint as though fully set forth herein.

12

85.     The allegations contained in Paragraph 85 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.

86.     Defendants deny each and every allegation contained in Paragraph 86 of the Complaint.

87.     Defendants deny each and every allegation contained in Paragraph 87 of the Complaint.

## AS A SECOND CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

88.     Defendants repeat and restate their responses set forth above in response to Paragraphs 1 through 87 of the Complaint as though fully set forth herein.

89.     The allegations contained in Paragraph 89 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.

90.     Defendants deny each and every allegation contained in Paragraph 90 of the Complaint.

91.     Defendants deny each and every allegation contained in Paragraph 91 of the Complaint.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

92.     Defendants repeat and restate their responses set forth above in response to Paragraphs 1 through 91 of the Complaint as though fully set forth herein.

93.     The allegations contained in Paragraph 93 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.

14910341v.3

94.     Defendants deny each and every allegation contained in Paragraph 94 of the Complaint.

95.     Defendants deny each and every allegation contained in Paragraph 95 of the Complaint.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE SUPERVISOR LIABILITY

96.     Defendants repeat and restate their responses set forth above in response to Paragraphs 1 through 95 of the Complaint as though fully set forth herein.

97.     The allegations contained in Paragraph 97 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.

98.     Defendants deny each and every allegation contained in Paragraph 98 of the Complaint.

99.     Defendants deny each and every allegation contained in Paragraph 99 of the Complaint.

## AS A FIFTH CAUSE OF ACTION NEGLIGENCE (NEGLIGENT HIRING / RETENTION)

100.     Defendants repeat and restate their responses set forth above in response to Paragraphs 1 through 99 of the Complaint as though fully set forth herein.

101.     Defendants deny each and every allegation contained in Paragraph 101 of the Complaint.

102.     Defendants deny each and every allegation contained in Paragraph 102 of the Complaint.

103.     Defendants deny each and every allegation contained in Paragraph 103 of the Complaint.

14

104.    Defendants deny each and every allegation contained in Paragraph 104 of the Complaint.

## AS A SIXTH CAUSE OF ACTION
## UNDER TITLE VII AND TITLE IX DISCRIMINATION

105.    Defendants repeat and restate their responses set forth above in response to Paragraphs 1 through 104 of the Complaint as though fully set forth herein.

106.    YU denies each and every allegation contained in Paragraph 106 of the Complaint.  Responsive pleadings are not required of Almo as to Paragraph 106 of the Complaint, because this Cause of Action has been dismissed against Almo pursuant to the Stipulation of Partial Dismissal dated December 10, 2012.  To the extent a responsive pleading is required of Almo, Almo denies each and every allegation contained in Paragraph 106 of the Complaint.

107.    YU denies each and every allegation contained in Paragraph 107 of the Complaint.  Responsive pleadings are not required of Almo as to Paragraph 107 of the Complaint, because this Cause of Action has been dismissed against Almo pursuant to the Stipulation of Partial Dismissal dated December 10, 2012.  To the extent a responsive pleading is required of Almo, Almo denies each and every allegation contained in Paragraph 107 of the Complaint.

108.    YU denies each and every allegation contained in Paragraph 108 of the Complaint.  Responsive pleadings are not required of Almo as to Paragraph 108 of the Complaint, because this Cause of Action has been dismissed against Almo pursuant to the Stipulation of Partial Dismissal dated December 10, 2012.  To the extent a responsive pleading is required of Almo, Almo denies each and every allegation contained in Paragraph 108 of the Complaint.

14910341v.3

## AS A SEVENTH CAUSE OF ACTION
## UNDER TITLE VII AND TITLE IX RETALIATION

109.   Defendants repeat and restate their responses set forth above in response to Paragraphs 1 through 108 of the Complaint as though fully set forth herein.

110.   The allegations contained in Paragraph 110 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  Responsive pleadings are not required of Almo as to Paragraph 110 of the Complaint, because this Cause of Action has been dismissed against Almo pursuant to the Stipulation of Partial Dismissal dated December 10, 2012.  To the extent a responsive pleading is required of Almo, Almo denies the allegations contained in Paragraph 110 of the Complaint.

111.   The allegations contained in Paragraph 111 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  Responsive pleadings are not required of Almo as to Paragraph 111 of the Complaint, because this Cause of Action has been dismissed against Almo pursuant to the Stipulation of Partial Dismissal dated December 10, 2012.  To the extent a responsive pleading is required of Almo, Almo denies the allegations contained in Paragraph 111 of the Complaint.

112.   YU denies each and every allegation contained in Paragraph 112 of the Complaint.  Responsive pleadings are not required of Almo as to Paragraph 112 of the Complaint, because this Cause of Action has been dismissed against Almo pursuant to the Stipulation of Partial Dismissal dated December 10, 2012.  To the extent a responsive pleading is required of Almo, Almo denies each and every allegation contained in Paragraph 112 of the Complaint.

113.   YU denies each and every allegation contained in Paragraph 113 of the Complaint.  Responsive pleadings are not required of Almo as to Paragraph 113 of the

Complaint, because this Cause of Action has been dismissed against Almo pursuant to the Stipulation of Partial Dismissal dated December 10, 2012.  To the extent a responsive pleading is required of Almo, Almo denies each and every allegation contained in Paragraph 113 of the Complaint.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER NEW YORK EXECUTIVE LAW § 296 SEXUAL HARASSMENT AND SEXUAL DISCRIMINATION

114.    Defendants repeat and restate their responses set forth above in response to Paragraphs 1 through 113 of the Complaint as though fully set forth herein.

115.    Defendants deny each and every allegation contained in Paragraph 115 of the Complaint.

116.    Defendants deny each and every allegation contained in Paragraph 116 of the Complaint.

117.    Defendants deny each and every allegation contained in Paragraph 117 of the Complaint.

## AS A NINTH CAUSE OF ACTION
## UNDER NEW YORK EXECUTIVE LAW § 296 RETALIATION

118.    Defendants repeat and restate their responses set forth above in response to Paragraphs 1 through 117 of the Complaint as though fully set forth herein.

119.    The allegations contained in Paragraph 119 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.

120.    Defendants deny each and every allegation contained in Paragraph 120 of the Complaint.

17

14910341v.3

121.    Defendants deny each and every allegation contained in Paragraph 121 of the Complaint.

122.    Defendants deny each and every allegation contained in Paragraph 122 of the Complaint.

123.    Defendants deny each and every allegation and Plaintiff's entitlement to the relief set forth in the WHEREFORE clause on pages 19-20 of the Complaint.

124.    Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that would otherwise rest with Plaintiff.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable principles of waiver, laches, and/or estoppel, quasi-estoppel, and/or equitable estoppel.

## THIRD DEFENSE

At all times, Defendants and/or their agent(s) acted reasonably and in good faith.

## FOURTH DEFENSE

All actions taken or omitted by Defendants and/or their agent(s) with respect to Plaintiff were taken or omitted for legitimate, non-discriminatory business reasons.

## FIFTH DEFENSE

All actions taken or omitted by Defendants and/or their agent(s) with respect to Plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference,

reckless indifference, or willfulness.

## SIXTH DEFENSE

Defendants and/or their agent(s) neither engaged in the purported discrimination nor aided or abetted it, nor encouraged, condoned, acquiesced or approved of any alleged discrimination of Plaintiff.

## SEVENTH DEFENSE

Before and throughout the relevant period, YU maintained and complied with well-established policies, programs, and procedures for the prevention and detection of unlawful discriminatory conduct by employees, and have taken all steps in accordance with §8-107(13)(d) of the New York City Administrative Code.

## EIGHTH DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any alleged unlawful discrimination in the workplace, and Plaintiff unreasonably failed to take advantage of the preventive and  corrective opportunities provided by Defendants or to avoid harm otherwise.

## NINTH DEFENSE

Mitigating factors should be taken into account in accordance with §8-126(b) of the New York City Administrative Code.

## TENTH DEFENSE

All relevant factors should be taken into account in accordance with §8-107(13)(e) and (f) of the New York City Administrative Code.

## ELEVENTH DEFENSE

Defendants responded reasonably and was not deliberately indifferent to Plaintiff's complaint of alleged misconduct and met all obligations required by Title IX.

14910341v.3

## TWELFTH DEFENSE

Plaintiff's own conduct caused, in whole or in part, whatever damages she may have suffered.

## THIRTEENTH DEFENSE

Subject to proof through discovery, Plaintiff has failed, in whole or in part to mitigate her purported damages.

## FOURTEENTH DEFENSE

Subject to proof through discovery, Plaintiff is precluded, in whole or in part, from recovery of any purported damages because of the after-acquired evidence doctrine.

## FIFTEENTH DEFENSE

Plaintiff is barred, in whole or in part, from recovery of the damages that she seeks because they are not authorized under the New York City Administrative Code, the United States Constitution, and/or the Constitution of the State of New York.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice or reckless indifference, nor can she impute liability for punitive damages to Defendants, because of their good faith efforts to comply with the New York City Administrative Code and the laws of the State of New York.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because she cannot show that management has authorized, participated in, consented to or ratified the conduct giving rise to such damages.

## EIGHTEENTH DEFENSE

To the extent that Plaintiff's claims sound in negligence, such claims are barred by

operation of the Workers' Compensation Law.

## NINETEENTH DEFENSE

Defendants assert all affirmative and other defenses available to them under each of the federal and state laws, common laws, and precedent cited in the Complaint.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this pleading and to assert any and all affirmative or other defenses that may become clear during the course of discovery in this case.

## OBJECTION TO JURY DEMAND

Defendants object to a trial by jury on Plaintiff's equitable claims and all other issues as to which a jury is not permitted as of right as a matter of law.

**WHEREFORE**, Defendants respectfully request judgment dismissing the Complaint in its entirety, and granting them the costs, fees, and disbursements in their defense of this action, including their attorneys' fees, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
          December 12, 2012

                              Respectfully Submitted,

                              SEYFARTH SHAW LLP

                              By ____/s/ Dov Kesselman_____
                                    Dov Kesselman
                                    Tara Conroy
                                    620 Eighth Avenue, 32nd Floor
                                    New York, New York 10018
                                    Phone: (212) 218-5500
                                    Fax: (212) 218-5526
                                    dkesselman@seyfarth.com
                                    tconroy@seyfarth.com

                                    Attorneys for Defendants Steve Almo and
                                    Yeshiva University

21

## CERTIFICATE OF SERVICE

The undersigned attorney hereby affirms that on December 12, 2012, he caused a true and correct copy of the within and foregoing **ANSWER** to be filed electronically with the Clerk of the District Court, using the CM/ECF system, which sent notification of such filing to the following counsel of record for Plaintiff:

Carl A. Benincasa, Esq.
Scarola, Benincasa & Mouzakitis PLLC
186-09 Union Turnpike, 2nd Floor
Flushing, New York 11366


s/ Dov Kesselman
Dov Kesselman