UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
AMANDA MEYER,

                               Plaintiff,

    - against –                                    Case No. 12-civ-7088 (WHP)

BRIAN GERWE, individually and as an employee of
ALBERT EINSTEIN COLLEGE OF MEDICINE OF
YESHIVA UNIVERSITY; STEVE ALMO individually
and as an employee of ALBERT EINSTEIN COLLEGE
OF MEDICINE OF YESHIVA UNIVERSITY;
YESHIVA UNIVERSITY; ALBERT EINSTEIN
COLLEGE OF MEDICINE,

                              Defendants.
-----------------------------------------------------------------------X

## DEFENDANT BRIAN GERWE'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Brian Gerwe, ("Defendant"), by and through his attorneys, Jackson Lewis LLP, for his Answer to Plaintiff's Complaint herein, state as follows:

### AS TO "NATURE OF CASE"

1. Defendant denies the allegations set forth in Paragraph 1 of the Complaint, except admits the Plaintiff purports to bring this action under 42 USC § 1983; Title VII of the United States Code; Title IX of the United States Code; N.Y. Executive Law § 296; the Administrative Code of the City of New York; and purports to invoke this Court's supplemental jurisdiction pursuant to *Gibb*, 38 U.S. 715 (1966) and 28 U.S.C. § 1367.

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

### AS TO "JURISDICTION OF VENUE"

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint, except admits Plaintiff purports to invoke this Court's jurisdiction pursuant to 42 U.S.C. §12101 et. seq.; 29 U.S.C. § 2617; 28 U.S.C. § 1331, §1343 and supplemental jurisdiction thereto.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint, except refers all questions of law to the court.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint, except admits Plaintiff purports that venue is proper under 28 U.S.C. § 1391 (b).

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

## AS TO "PARTIES"

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint, except admits Defendant was a resident of the State of New York at certain times.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint, except admits that Defendant was employed by Yeshiva University at certain times.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

## AS TO "MATERIAL FACTS"

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, except admits a laboratory was located in Price Center.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the argumentative allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the argumentative allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the argumentative allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint, except denies knowledge or information of any statements Plaintiff allegedly made to Dr. Bonanno.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint, except denies knowledge or information of any statements Plaintiff allegedly made to Ms. Jefferson.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint, except denies knowledge or information of any statements Plaintiff allegedly made to Ms. Jefferson.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint, except denies knowledge or information of any statements Plaintiff allegedly made to Dr. Almo.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint, except denies knowledge or information of any statements Plaintiff allegedly made to the Human Resources Department.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint.

72. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint.

73. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, except denies that Plaintiff's allegations were substantiated.

74. Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint.

77. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint.

78. Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of the Complaint.

81. Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

82. Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83. Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

### AS TO "AS A FIRST CAUSE OF ACTION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE DISCRIMINATION"

84. Defendant repeats and re-alleges his responses to Paragraphs 1 through 83 of the Complaint, as though fully set forth herein in response to Paragraph 84 of the Complaint.

85. Defendant denies the allegations set forth in Paragraph 85 of the Complaint, except refers all questions of law to the Court.

86. Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87. Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

### AS TO "AS A SECOND CAUSE OF ACTION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE RETALIATION"

88. Defendant repeats and re-alleges his responses to Paragraphs 1 through 87 of the Complaint, as though fully set forth herein in response to Paragraph 88 of the Complaint.

89. Defendant denies the allegations set forth in Paragraph 89 of the Complaint, except refers all questions of law to the Court.

90. Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

### AS TO "AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE INTERFERENCE WITH PROTECTED RIGHTS"

92. Defendant repeats and re-alleges his responses to Paragraphs 1 through 91 of the Complaint, as though fully set forth herein in response to Paragraph 92 of the Complaint.

93. Defendant denies the allegations set forth in Paragraph 93 of the Complaint, except refers all questions of law to the Court.

94. Defendant denies the allegations set forth in Paragraph 94 of the Complaint.

95. Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

### AS TO "AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE SUPERVISOR LIABILITY"

96. Defendant repeats and re-alleges his responses to Paragraphs 1 through 95 of the Complaint, as though fully set forth herein in response to Paragraph 96 of the Complaint.

97. Defendant denies the allegations set forth in Paragraph 97 of the Complaint, except refers all questions of law to the Court.

98. Defendant denies the allegations set forth in Paragraph 98 of the Complaint.

99. Defendant denies the allegations set forth in Paragraph 99 of the Complaint.

### AS TO "AS A FIFTH CAUSE OF ACTION NEGLIGENCE (NEGLIGENT HIRING/RETENTION)"

100. Defendant repeats and re-alleges his responses to Paragraphs 1 through 99 of the Complaint, as though fully set forth herein in response to Paragraph 100 of the Complaint.

101. Defendant denies the allegations set forth in Paragraph 101 of the Complaint.

102. Defendant denies the allegations set forth in Paragraph 102 of the Complaint.

103. Defendant denies the allegations set forth in Paragraph 103 of the Complaint.

104. Defendant denies the allegations set forth in Paragraph 104 of the Complaint.

### AS TO "AS A SIXTH CAUSE OF ACTION UNDER TITLE VII AND TITLE IX DISCRIMINATION"

105. Defendant repeats and re-alleges his responses to Paragraphs 1 through 104 of the Complaint, as though fully set forth herein in response to Paragraph 105 of the Complaint.

106. Defendant denies the allegations set forth in Paragraph 106 of the Complaint.

107. Defendant denies the allegations set forth in Paragraph 107 of the Complaint.

108. Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

## AS TO "AS A SEVENTH CAUSE OF ACTION UNDER TITLE VII AND TITLE IX RETALIATION"

109. Defendant repeats and re-alleges his responses to Paragraphs 1 through 108 of the Complaint, as though fully set forth herein in response to Paragraph 109 of the Complaint.

110. Defendant denies the allegations set forth in Paragraph 110 of the Complaint, except refers all questions of law to the Court.

111. Defendant denies the allegations set forth in Paragraph 111 of the Complaint, except refers all questions of law to the Court.

112. Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

113. Defendant denies the allegations set forth in Paragraph 113 of the Complaint.

## AS TO "AS A EIGHTH CAUSE OF ACTION UNDER NEW YORK EXECUTIVE LAW § 296 SEXUAL HARASSMENT AND SEXUAL DISCRIMINATION"

114. Defendant repeats and re-alleges his responses to Paragraphs 1 through 113 of the Complaint, as though fully set forth herein in response to Paragraph 114 of the Complaint.

115. Defendant denies the allegations set forth in Paragraph 115 of the Complaint.

116. Defendant denies the allegations set forth in Paragraph 116 of the Complaint.

117. Defendant denies the allegations set forth in Paragraph 117 of the Complaint.

### AS TO "AS A NINTH CAUSE OF ACTION UNDER NEW YORK EXECUTIVE LAW § 296 RETALIATION"

118. Defendant repeats and re-alleges his responses to Paragraphs 1 through 117 of the Complaint, as though fully set forth herein in response to Paragraph 118 of the Complaint.

119. Defendant denies the allegations set forth in Paragraph 119 of the Complaint, except refers all questions of law to the Court.

120. Defendant denies the allegations set forth in Paragraph 120 of the Complaint.

121. Defendant denies the allegations set forth in Paragraph 121 of the Complaint.

122. Defendant denies the allegations set forth in Paragraph 122 of the Complaint and all claims for relief sought thereafter in the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of proof that would otherwise rest with Plaintiff.

### AS AND FOR A FIRST DEFENSE

123. Plaintiff's Complaint should be dismissed because it fails to state a claim against Defendant, in whole or in part, upon which relief could be granted.

### AS AND FOR A SECOND DEFENSE

124. Plaintiff's Complaint fails to state a claim against Defendant, in whole or in part, upon which compensatory damages may be awarded.

### AS AND FOR A THIRD DEFENSE

125. Plaintiff's Complaint fails to state a claim against Defendant, in whole or in part, upon which punitive damages and/or attorney fees may be awarded.

### AS AND FOR A FOURTH DEFENSE

126.  Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies and to satisfy certain conditions precedent and/or jurisdictional prerequisites to instituting suit against Defendant.

### AS AND FOR A FIFTH DEFENSE

127.  Plaintiff's claims against Defendant should be dismissed because Defendant did not acquiesce or condone any alleged unlawful conduct toward Plaintiff.

### AS AND FOR A SIXTH DEFENSE

128.  Plaintiff's claims against the Defendant should be dismissed because Defendant did not aid or abet any alleged unlawful conduct toward Plaintiff.

### AS AND FOR A SEVENTH DEFENSE

129.  At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under federal, state, common, or local laws, rules or regulations.

### AS AND FOR AN EIGHTH DEFENSE

130.  Plaintiff has failed to make diligent and good faith efforts to mitigate her damages, if any, and as such, is not eligible to receive lost wages and/or other relief.

### AS AND FOR A NINTH DEFENSE

131.  Plaintiff's claims are barred because the complained of conduct was neither severe, pervasive or unwelcome and/or Plaintiff voluntarily participated in such conduct.

### AS AND FOR A TENTH DEFENSE

132.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN ELEVENTH DEFENSE

133.    Subject to proof through discovery, Plaintiff is precluded, in whole or in part, from recovery of any purported damages because of the after-acquired evidence doctrine.

## OBJECTION TO JURY DEMAND

134.    Defendant objects to a trial by jury on Plaintiff's equitable claims and all other issues as to which a jury is not permitted as of right as a matter of law.

WHEREFORE, Defendant respectfully requests that this Court:

A.   Dismiss Plaintiff's Complaint in its entirety, with prejudice;

B.   Deny each and every prayer for relief set forth in Plaintiff's Complaint;

C.   Award Defendant reasonable attorneys' fees and costs incurred in defending against Plaintiff's baseless and frivolous action; and

D.   Grant such other and further relief as the Court deems just and proper.

Dated: December 12, 2012
       White Plains, New York

Respectfully submitted,

JACKSON LEWIS, LLP
One North Broadway, Suite 1502
White Plains, New York 10601

By: _____
    Susanne Kantor

ATTORNEYS FOR DEFENDANT
*BRIAN GERWE*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMANDA MEYER,

                        **Plaintiff,**

  - against –                            Case No. 12-civ-7088 (WHP)

BRIAN GERWE, individually and as an employee of
ALBERT EINSTEIN COLLEGE OF MEDICINE OF
YESHIVA UNIVERSITY; STEVE ALMO individually
and as an employee of ALBERT EINSTEIN COLLEGE
OF MEDICINE OF YESHIVA UNIVERSITY;
YESHIVA UNIVERSITY; ALBERT EINSTEIN
COLLEGE OF MEDICINE,

                        **Defendants.**
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant, Brian Gerwe's Answer to Plaintiff's Complaint has been filed via ECF and served via U.S. First Class Mail on the 12th day of December, 2012 on counsel for Plaintiff at the address set forth below:

Carl Benincasa, Esq.
Scarola, Benincasa & Mouzakitis, PLLC
186-09 Union Turnpike, 2nd Floor
Flushing, New York  11366
(718) 454-0500
*Attorneys for Plaintiff*

And

Dov Kesselman, Esq.
Seyforth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York  10118
(212) 218-5500
*Counsel for Defendants Steve Almo and Yeshiva University*

                                     Susanne Kantor